UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERSON OMAR CARRANZA-GUERRERO,<br><br>      Petitioner,<br><br>   v.<br><br>MINGA WOFFORD, Facility Administrator of Mesa Verde Detention Center, *et al*.,<br><br>      Respondents. | Case No.  1:26-cv-03501   (VC)<br><br><br>**ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. Nos. 2 |

Petitioner's Moton for a Temporary Restraining Order ("TRO") is GRANTED. This order assumes that the reader is familiar with the facts, the applicable laws, regulations, and legal standards, and the arguments made by the parties.

Petitioner has raised serious questions going to the merits of his claim that he is being unlawfully detained under the Immigration and Nationality Act. First, Respondents maintain that Petitioner is being detained based on the government's new interpretation of 8 U.S.C. § 1225(b) as mandating detention for all noncitizens present in the United States without admission. Dkt. 6 at 1. This is legally erroneous. *See, e.g.*, *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *7 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *7 (E.D. Cal. Oct. 27, 2025). Respondents offer no alternative legal basis justifying Petitioner's detention.

The remaining TRO factors weigh heavily in Petitioner's favor. the [unlawful

deprivation] of liberty is a … severe form of irreparable injury." *Ferrara v. United States*, 370 F. Supp. 2d 351, 360 (D. Mass. 2005). Thus, the misapplication of Section 1225(b) causes "immediate and irreparable injury." Dkt. 11 at 9, *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01874-SSS-BFM (C.D. Cal. July 28, 2025); *Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 940 (N.D. Cal. 2025). As for the balance of equities and the public interest factors of the TRO inquiry, these factors merge when the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). Though the government has a strong interest in enforcing immigration laws, it has applied the wrong law to Petitioner. The government "cannot reasonably assert that it is harmed in any legally cognizable sense" by being compelled to follow the law. *Zepeda v. I.NS.,* 753 F.2d 719, 727 (9th Cir. 1983). As such, this factor also weighs in Petitioner's favor.

Accordingly, Respondents are ordered to release Petitioner from custody immediately. Respondents are also ordered to show cause why a preliminary injunction should not issue. Respondents' response to the order to show cause is due May 24, 2026, and Petitioner's reply is due May 27, 2026

Respondents are enjoined and restrained from re-detaining Petitioner until the earlier of June 1, 2026 or holding a pre-deprivation bond hearing before a neutral arbiter pursuant to Section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered.

**IT IS SO ORDERED.**

Dated: May 18, 2026

_____

VINCE CHHABRIA
United States District Judge

2