UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERSON OMAR CARRANZA-GUERRERO,<br><br>      Petitioner,<br><br>      v.<br><br>MINGA WOFFORD, FACILITY ADMINISTRATOR OF MESA VERDE DETENTION CENTER, *et al.*,<br><br>      Respondents. | Case No.  1:26-cv-03501  (VC)<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 2 |

The motion for a preliminary injunction is granted. This order assumes that the reader is familiar with the facts, the applicable laws, regulations, and legal standards, and the arguments made by the parties.

On May 18, 2026, this Court granted Petitioner's motion for a temporary restraining order reasoning that Petitioner had shown a strong likelihood of success on the merits that he was being unlawfully detained pursuant to 8 U.S.C. § 1225(b), and ordering Respondents to show cause why a preliminary injunction should not issue. Respondents filed a response on May 24, 2026 noting that though they continue to oppose the issuance of a preliminary injunction, they had no further arguments aside from those contained in their response to the motion for a temporary restraining order. *See* Dkt. 9.

Respondents' two-page response to the motion for a temporary restraining order argued that Petitioner was "subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2) as an "applicant for admission." Dkt. 6 at 1. This argument, however, has been rejected by Courts

across the country because it "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. Sept. 23, 2025) (citing cases). In sum, Section 1225 does not apply to non-citizens—like Petitioner—who have been living in the United States for many years and detained in the interior. Detaining Petitioner under 8 U.S.C. § 1225(b), as Respondents argue, would be a violation of federal law.

As Respondents *only* argue that Petitioner was detained pursuant to Section 1225, and provide no other basis for continued detention, the court presumes that Respondents have no statutory basis for Petitioner's continued detention. Where there is no legal basis for continued detention, the appropriate remedy is Petitioner's immediate release. *See, e.g.*, *Lepe*, 801 F. Supp. 3d at 1119 (granting immediate release where Petitioner unlawfully detained pursuant to Section 1225); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *7 (E.D. Cal. Jan. 8, 2026) (same); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *7 (E.D. Cal. Oct. 27, 2025) (same).

For the same reasons given in the order granting a TRO, Petitioner has made a sufficient showing as to the other factors that the Court must consider before granting a preliminary injunction. Dkt. 8 at 2. The government is therefore enjoined and restrained from re-detaining Petitioner while this litigation is pending, unless the government gives him a pre-deprivation hearing before a neutral decisionmaker or can demonstrate in a motion to vacate the preliminary injunction that the circumstances have changed such that a pre-deprivation hearing is no longer required.

Respondents shall file an answer to the Petition for Writ of Habeas Corpus by June 26, 2026. Petitioner may file a reply by July 10, 2026.


**IT IS SO ORDERED.**

Dated: May 29, 2026

_____
VINCE CHHABRIA
United States District Judge